**Glen Gary MITCHELL, Respondent,**

v.

**Sharon Kay MITCHELL, Appellant.**

**No. 39849.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1979.

872

Joseph Howlett, Shaw, Howlett, Schwartz, Clayton, for appellant.

Chaim H. Zimbalist, Clayton, for respondent.

CLEMENS, Senior Judge.

The trial court dissolved the parties' marriage based on the judicially admitted fact they had not cohabited for over two years. Continuous separation for two years warranted the trial court's ruling that the marriage was irretrievably broken. Section 452.320.2(1)(e).

On appeal the wife relies on their prior dissolution case wherein she had denied the marriage was irretrievably broken, and in which the husband relied on his assertion he no longer loved his wife. On October 26, 1976 we reversed that decree of dissolution. *In re Marriage of Mitchell,* 545 S.W.2d 313 (Mo.App.1977). The parties had been separated only *nine months* when the husband filed that petition and we held he had failed to meet his evidentiary burden of showing the marriage was irretrievably broken.

In the present case the husband seeks dissolution based not on the wife's misconduct but on the sole ground of two years' separation. His petition was filed in March of 1977, just five months after the reversal of his original decree of dissolution. The wife now contends the trial court erred in considering that part of the parties' separation that occurred before October 26, 1976 because that was "merged into" our decision denying the husband's first action for dissolution. Separation was not at issue in that earlier action and we cannot agree.

On this appeal the wife cites only one case, *Lovingood v. Lovingood,* 472 S.W.2d 58 (Mo.App.1971). There, in the first case the husband sought a divorce on the ground of general indignities and the wife countered for separate maintenance on the ground of desertion. The court granted the wife's petition and that ended the first *Lovingood* case. Next, the husband sued for and was granted dissolution on the new ground that his wife had deserted him. On appeal the wife relied on the principle of *res adjudicata,* as does the wife in our case. The *Lovingood* court acknowledged that principle but held that the first action, based on the wife's general indignities, did

not bar the husband's subsequent action, based on his wife having deserted him, saying: "The adjudication of innocence and fault at the time of the separate maintenance action is no more preclusive than any other adjudication upon the facts at the time of the entry of decree, and the factual situation after the decree may give rise to a different adjudication in subsequent litigation. . . . a finding in the separate maintenance action could only be upon the basis of the facts known to the court at the time. Thus, subsequent actions of the parties can give rise to a different factual determination."

Here, the wife's reliance on *Lovingood* is misplaced. We hold that the husband's asserted ground in the first action, that he did not love his wife, does not bar the present action, based on the conceded ground of over two years' separation.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.